# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA KAMALU, | Case No. 1:13-cv-00627-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA FOR MOBILE PHONE RECORDS |
| v. | |
| WALMART STORES, INC., | (ECF Nos. 17, 18) |
| Defendant. | |

## I.

## INTRODUCTION

Plaintiff Stella Kamalu filed this action on September 18, 2012, in the Superior Court of California, Stanislaus County, alleging discrimination on the basis of national origin, race, and sex in violation of California Government Code Section 12940, et seq., and wrongful termination in violation of public policy. On April 29, 2013, Defendant removed this action to the Eastern District of California. On July 22, 2013, Plaintiff filed a motion to quash a subpoena for mobile phone records. (ECF No. 17.)

The Court heard oral arguments on August 14, 2013. Counsel Chijioke Ikonte appeared for Plaintiff, and Counsel Kevin Whittaker appeared for Defendant. Having considered the moving papers and arguments presented at the August 14, 2013 hearing, as well as the Court's file, the Court issues the following order.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure allow for broad pretrial discovery, authorizing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." Epstein v. MCA, Inc., 54 F.3d 1422, Shoen, 5 F.3d at 1292. However, it does not allow the party to engage in a fishing expedition. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). "A district court has wide latitude in controlling discovery." Volk v. D.A. Davidson & Co., 816 F.2d 1406 (9th Cir. 1987) (internal punctuation and citations omitted).

Federal Rule of Civil Procedure 45(c)(3) sets forth the limited reasons for which a subpoena can be quashed. Unless the party claims a personal right or privilege in regards to the documents sought, a party in an action has no standing to seek to quash a subpoena served on a third party. Jennings v. Moreland, No. 2:08-cv-01305 LKK CKD P, 2011 WL 4458793, at *1 (E.D. Cal. Sept. 22, 2011); Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997). A party may move to quash a subpoena where the party has a privacy interest in the documents sought. Windsor, 175 F.R.D. at 668.

## III.

## DISCUSSION

On June 21, 2013, Defendant issued the subpoena that is at issue here to AT&T Mobility, LLC. The subpoena requested the production of the following documents:

> (1) All incoming and outgoing cellular phone and text message records for the phone number (404) 408-9066 for the period covering September 8, 2008 through October 22, 2010. (2) All records regarding any data used by the device associated with the number (404) 408-9066 for the period September 8, 2008 through October 22, 2010, and (3) invoices for the number (404) 408-9066 from September 8, 2008 through October 22, 2010.

(Joint Statement of Parties re: Discovery Disagreement 21, ECF No. 18.)

### A.   Relevance of the Cell Phone Records

Plaintiff argues that she was never counseled for cell phone use and her employment records do not contain any documentation regarding cell phone use during work hours. Plaintiff contends that she was terminated for not taking her required breaks and the subpoenaed records are not relevant to the issues in dispute here. (ECF No. 18 at 6.) Defendant argues that, since Plaintiff brought this action alleging wrongful termination, the records are necessary to defend the claim and show that Plaintiff was terminated for stealing time. (Id. at 11.) It is Defendant's position that it must show that Plaintiff committed gross misconduct while on the job and this misconduct is why she was terminated. (Id. at 11-12.)

Relevance to the subject matter of the litigation for the purposes of Rule 26 is to be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Discovery is not limited to the issues raised in the pleadings, nor must it be limited to the merits of the case, as a variety of fact oriented issues can arise during litigation. Oppenheimer Fund, Inc., 437 U.S. at 351. For this reason, the court should "interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." Id. at 351 n.12 (quoting 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n.34 (2d ed. 1976)). However, while the scope of discovery is very broad, it is not without boundaries. Hickman, 329 U.S. at 507. The court has broad discretion to determine relevancy for discovery purposes. Hallett v Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

The Court finds that the records of the incoming and outgoing phone calls and messages and data use of Plaintiff's cell phone during the time period of her employment are directly relevant to Defendant's defense that Plaintiff was terminated for misrepresenting her working hours. See Fed. R. Civ. P. 26(b)(1) (party may conduct discovery relevant to a claim or defense). Denying access to this information would hamper Defendant's ability to present its defense in this action.

Plaintiff argues that Defendant cannot demonstrate misconduct based upon after-acquired

evidence. (ECF No. 18 at 7.)  However, "[t]he 'after-acquired evidence' doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later 'discovers' evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." Rivera, 364 F.3d at 1070-71 (quoting McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 360-63 (1995).  An employer can avoid back pay and other remedies by showing after-acquired evidence of the employee's misconduct if the employer can prove by a preponderance of the evidence that it would have fired the employee for that misconduct. Rivera, at 1071 (quoting O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 761 (9th Cir. 1996).  While after acquired evidence does not immunize an employer from liability, it does bear on the specific remedy to be ordered.  O'Day, 79 F.3d at 762.  Since the information sought encompasses a matter that bears on an issue in the case that could be admissible at trial, damages, it is relevant in this action.[1]  Oppenheimer Fund, Inc., 437 U.S. at 351.

### B.     Privilege in Phone Records

During the hearing, Plaintiff argued two aspects of her privacy argument.  First, Plaintiff contends that she has a privacy right in the information sought. (ECF No. 18 at 5.)  Secondly, Plaintiff argues that California Utilities Code Section 2891 protects the information from disclosure. (Id.)  The Court shall address each of these arguments.

#### 1.     Privacy Rights in Cell Phone Records

Plaintiff contends that she has a right to privacy in her cell phone records. (ECF No. 18 at 5.)  Defendant responds that the subpoena was narrowly tailored so that the requested records will not provide any demographic information or protected subscription details.  Defendant states that it is seeking the date of phone calls, time Plaintiff made or received phone calls, and the duration of the calls.  The information sought will not contain any information regarding the content of any phone calls or text messages that Plaintiff made or received.  Because information sought is so

---

[1] This finding is based on Rule 26 relevance only, and a decision on whether this evidence would be admissible at the trial of this matter is reserved until such time that the issue has been briefed by the parties and the issue is properly before the Court.

4

limited, Defendant contends that it does not implicate Plaintiff's privacy rights. (Id. at 11.)

The subpoena at issue here seeks only subscriber information and not the content of any communications. The parties agree that Plaintiff's privacy rights are governed by the law of the forum state, in this instance California. The California Constitution guarantees all people the protected right to privacy. Cal. Const. Art. I, § 1. The California Supreme Court has decided the analytical framework for assessing a privacy claim: 1) there must be a specific legally, protected privacy interest; 2) a reasonable expectation of privacy must exist; and 3) the invasion of the privacy interest must be serious. Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1, 39-40 (1994). Privacy concerns must be balanced against other competing interests. Hill, 7 Cal.4th at 37. Where the intrusion is limited and confidential information is shielded from disclosure except to those with a need to have the information, privacy concerns are assuaged. Hill 7 Cal.4th at 38.

**a.    Whether There is a Specific Legally, Protected Privacy Interest**

Plaintiff relies on City of Ontario v. Quon, 130 S.Ct. 2619 (2010), Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004), and United States v. Davis, 787 F.Supp.2d 1165 (D. Or. 2011), for the proposition that she has a legally protected privacy right in her personal cell phone, including call records and text messages.

In Quon, the court was addressing a situation where the defendant was auditing the content of the text messages that were sent and received by the plaintiff using a work issued communication device. 130 S.Ct. at 2625-26. The court assumed that under the Fourth Amendment the employee had a reasonable expectation of privacy in the text messages sent to him on the pager provided by his employer. Id. at 2630. The court then found that, because the search was motivated by a legitimate work-related purpose and was not excessive in scope, it was reasonable. Id. at 2632.

Similarly, Theofel involved a subpoena for copies of e-mails that "on its face, was massively overbroad[,]" "patently unlawful[,]" and violated the federal rules. 359 F.3d at 1071-72. This action is distinguishable from both Quon and Theofel as Defendant is not attempting to obtain the content of any communications, but rather the amount of time that Plaintiff spent on her personal cell phone during work hours.

1    Davis involved a criminal investigation in which a police officer answered the suspect's
2 cellphone and searched the phone for messages after he had been placed under arrest and was
3 being transported to the precinct for questioning. 787 F.Supp.2d at 1169. The defendant brought
4 a motion to suppress based on the warrantless search and seizure of his cellphone. Id. at 1170.
5 The court ultimately found that the search was unlawful and suppressed the evidence discovered
6 due to the illegal search. Id. at 1174. However again, Davis dealt with the expectation of privacy
7 in the contents of the messages and conversations which are not at issue here.

8    The Court must consider all the circumstances in determining Plaintiff's expectation of
9 privacy in the AT&T Mobility account information that is being sought. There are two general
10 types of privacy interest. Autonomy privacy is the interest in making intimate personal decisions
11 or conducting personal activities without observation, intrusion or interference. Alch v. Superior
12 Court, 165 Cal.App.4th 1412, 1423 (2008). Informational privacy that is at issue here is the
13 interest in precluding the dissemination or misuse of sensitive or confidential information. Alch,
14 165 Cal.App.4th at 1423. This class of information is deemed private "when well-established
15 social norms recognize the need to maximize individual control over its dissemination and use to
16 prevent unjustified embarrassment or indignity." Id. (quoting Hill, 7 Cal.4th at 35).

17    Defendants are attempting to obtain records of all incoming and outgoing calls and data
18 usage for Plaintiff's cell phone for the period of time that she was employed by them. This
19 request does not implicate information that dissemination and use would cause unjustified
20 embarrassment and indignity to Plaintiff. Hill, 7 Cal.4th at 35; see also United States v. Clenney,
21 631 F.3d 658, 666 (4th Cir. 2011) (phone customers have no privacy interest in basic subscriber
22 information). The Court finds that Plaintiff does not have a protected privacy interest in the
23 records requested.

24    **b.    Whether a Reasonable Expectation of Privacy Exists**

25    Defendant argues that Plaintiff cannot demonstrate that she has a reasonable expectation
26 of privacy in the information sought because she spent several hours per day on the phone
27 refusing to assist her co-workers and customers, which indicates that she had no intention of
28 keeping private the number or length of her phone calls. (ECF No. 18 at 12.)

In United States v. Ruby, No. 3:12-cr-01073 WQH, 2013 WL 544888, at *3-6 (S.D. Cal. Feb. 12, 2013), the court considered whether a criminal defendant had a reasonable expectation of privacy in cell phone records showing the cell site and cell sector activations. The court found that historical cell site location records are business records of the cell service provider and not entitled to protection under the Fourth Amendment. Ruby, 2013 WL 544888 at *6. These are third party business records created and maintained by the cell service provider that are derived from information voluntarily conveyed to the cellular phone provider and therefore no reasonable expectation of privacy exists. Id.; see also Smith v. Maryland, 442 U.S. 735, 742 (1979) (rejecting defendant's claim that he had a legitimate expectation of privacy regarding the numbers he dialed on his phone); United States v. Miller, 425 U.S. 435, 443 (1976) (individual does not have a legitimate expectation of privacy in information revealed to a third party, even if it is assumed the information will be used for a limited purpose).

"It is well established that a reasonable expectation of privacy extends only to the content of telephone conversations, not to records that indicate that the conversations occurred." United States v. Lustig, 555 F.2d 737, 747 n.10 (9th Cir. 1977); see also United States v. Reed, 575 F.3d 900, 914-15 (9th Cir. 2009) (there is no expectation of privacy in call origination, length and time of call because no content information is involved); Mintz v. Mark Bartelstein & Assocs. Inc., 885 F.Supp.2d 987, 1000 (C.D. Cal. Aug. 14, 2012) (disclosure of telephone numbers, cell site information, date, time and duration of calls does not represent a significant intrusion of privacy). The records sought in this instance are third party business records which do not contain any content information. The Court concludes that Plaintiff does not have reasonable expectation of privacy in the cell phone records that are sought by the subpoena to produce documents.

    **c.    Whether Disclosure of the Records Would be a Serious Invasion of a Privacy Interest**

Defendant contends that Plaintiff has not even made an attempt to show that the claimed invasion of her privacy is sufficiently serious in the nature, scope, and actual potential interest to warrant quashing the subpoena. (ECF No. 18 at 12.)

Assuming that a privacy interest did exist, Plaintiff has not shown that complying with the

subpoena would be a serious invasion of a privacy interest. "[T]he invasion of privacy must be 'sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right.'" Alch, 165 Cal.App.4th at 1427 (quoting Hill, 7 Cal.4th at 37).

Defendant is seeking only subscriber information and not the content of any communications. The records requested are third party business records that are derived from information voluntarily conveyed to the cell phone provider. Ruby, 2013 WL 544888, at *6. The requested information does not contain the content of any of the calls or text messages, but merely the phone numbers and amount of time that Plaintiff spent using her cell phone. Revealing the incoming and outgoing phone calls and messages and data use of Plaintiff's cell phone during the time period of her employment is not an "egregious" breach that would be a serious invasion of any privacy interest, should one exist.

Plaintiff also contends that she has an expectation of privacy in the financial information contained in the invoices requested. (ECF No. 18 at 7.) During the August 14, 2013 hearing, Defendant responded that the invoices are necessary to prove that the phone was owned by Plaintiff. To the extent that any privacy interest is implicated in the invoices requested, the Court finds that Defendant's need for the invoices would outweigh such an interest. In proving the defense that Plaintiff was terminated for a legitimate reason, stealing time, Defendant intends to introduce evidence that she stole time by the personal use of her cell phone during working hours. In order to prove the time that was spent on personal phone calls, Defendant will need to prove that the records of the phone calls and text messages are for Plaintiff's phone. During the hearing, Defendant offered to re-serve the subpoena without the requested invoices if Plaintiff would stipulate to the ownership of the cellphone. Since Plaintiff did not stipulate to the ownership of the phone, Defendant has shown the invoices are necessary to establish that the cell phone information is for Plaintiff's cellphone.

    2.    <u>California Public Utilities Code Section 2891</u>

Plaintiff also claims a privacy right under California Utilities Code Section 2891 which protects the subscriber's personal call information, credit or personal information, services

1  purchased, or demographic information.  (ECF No. 18 at 5.)

2       Plaintiff does not cite, nor does the Court find, any California case that applies section 2891 to preclude a civil litigant from obtaining information such as that requested here from a cell phone provider.  Accordingly, the Court shall look to the statute itself to determine if it precludes the discovery sought here.

6       In enacting Cal. Publ. Util. Code § 2890 et. seq., the California Legislature declared that state and federal laws have been enacted to "protect residential telephone subscriber's privacy rights with respect to telephone solicitations."  Cal. Pub. Util. Code § 2894.10(a).  Further, the Legislature intended "that telephone subscribers be provided with information regarding their privacy rights, under state and federal law, with respect to telephone solicitations."  Id.  Section 2891, which is at issue here, states that no telephone corporation may make specified information available to any other person without the subscriber's consent in writing.

13       As relevant here, the specified information includes "[t]he subscriber's call patterns, including any listing of the telephone or other access numbers called by the subscriber. . . ."  Pub. Util. Code § 2891(a)(1).  At the August 14, 2013 hearing, Plaintiff argued that the plain language of the statute precludes the information sought by the subpoena in this instance.  However, the plain language of this section states that it applies to a residential subscriber.  The records sought here are mobile phone records, not residential records.

19       The language of section 2891 protects "[t]he subscriber's personal calling patterns" which the Court finds to be consistent with the interpretation that this section is to protect consumers from telephone solicitations, and not to prevent civil litigants from obtaining information relevant to law suits filed against the subscriber.

23       Further, in reviewing this article of the Public Utilities Code which addresses the customer right of privacy, the Court notes that the Legislature enacted section 2890.2 which applies to mobile telephony service providers.  This indicates that the Legislature is aware of the difference between residential and mobile telephony service providers and had they intended for section 2891 to apply to mobile telephony service providers they would have so stated or not limited section 2891 with the term "residential".  The Court finds that section 2891 does not preclude the

9

production of information in response to the subpoena for production of documents.[2]

### C. Third Party Privacy Rights

Plaintiff also asserts the privacy of third parties whose phone numbers would be divulged by the release of these records. (ECF No. 18 at 6.) Plaintiff relies on Valley National Bank of Nevada v. Superior Court, 15 Cal.3d 652 (1975), which dealt with the release of bank records pursuant to a subpoena. In Valley National Bank of Nevada, the court found that third parties were to be notified and given an opportunity to object to the release of the records or seek a protective order to protect the release of confidential information. 15 Cal.3d at 648. Plaintiff has failed to identify any individual whose privacy interests could be affected by the release of the records requested.

Additionally, as discussed above, courts have found that there is no reasonable expectation of privacy to prevent the disclosure of a phone number. See People of State of Cal. v. F.C.C., 75 F.3d 1350, 1361-62 (9th Cir. 1996). Again, the content of the communication is not what is being sought by the subpoena for the production of documents. Further, had Defendant requested subscriber information as to the phone numbers called or received, the third party argument would be more meaningful. However, such is not the case here.

### D. Alternate Means for Obtaining the Information

Finally, Plaintiff argues that the information can be received by less intrusive means, such as interrogatories and depositions. (ECF No. 18 at 7.) Defendant responds that only the records requested contain the essential information to allow them to present their defense at trial. (Id. at 15.)

The Court finds that depositions and interrogatories will not provide the specific

---

[2] Additionally, should this statute apply to preclude Defendant from obtaining the requested information, the information would be available through a production of document request to Plaintiff, and Plaintiff would be required to obtain the records from the service provider. See Doe v. City of San Diego, No. 12-cv-0689-MMA (DHB), 2013 WL 2338713, at *4 (S.D. Cal. May 28, 2013); Mintz, 885 F. Supp.2d at 994. During the hearing, Defendant contended that the parties had discussed obtaining the information by a request for production of documents to Plaintiff. However, Plaintiff insists that the documents are not relevant and refused to produce them. Even though the Court found during the hearing that the requested information was clearly relevant, Plaintiff responded that the documents are not relevant and will not be produced in response to a request for production of documents. Given the absence of any California case law finding that section 2891 precludes the production of the information requested, the subpoena for production of documents is the proper procedure to obtain the information from a third party.

10

information that is being sought by the subpoena.  Even assuming that Plaintiff was willing to testify to the amount of time that she spent on her cell phone during working hours, it is unreasonable to believe that she could remember the specific amount of time she spent on the cell phone each work day during the entire period of her employment which is at issue here.

### IV.

### CONCLUSION AND ORDER

The Court finds that Plaintiff does not have a privacy right in the phone records sought. To the extent that any privacy right would exist, Defendant's need for the records in presenting a defense in this action would outweigh any privacy right possessed by Plaintiff.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to quash Defendant's subpoena for mobile phone records is DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2013**

UNITED STATES MAGISTRATE JUDGE