MICHAEL T. LUCEY (SBN: 099927)
mlucey@gordonrees.com
KEVIN D. WHITTAKER (SBN: 224700)
kwhittaker@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for: Defendant
WAL-MART STORES, INC.

CHIJIOKE O. IKONTE (SBN:  206203)
cikonte@yahoo.com
LAW OFFICES OF AKUDRINOBI & IKONTE
3540 Wilshire Blvd, Suite 850
Los Angeles, CA  90010
Telephone:  (213) 387-0869
Facsimile:  (213)  387-0969

Attorneys for: Plaintiff
STELLA O. KAMALU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| STELLA O KAMALU | CASE NO.  1:13-cv-00627-SAB |
| Plaintiff, | ORDER ON JOINT STIPULATION AND PROTECTIVE ORDER |
| vs. | (ECF No. 23) |
| WAL-MART STORES, INC. and DOES 1 to 10 | |
| Defendant. | |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Federal Rules of Civil Procedure, and other applicable rules and/or statutes set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

    2.1. Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2. Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3. "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under state or federal constitutional rights to privacy.

    2.4. Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5. Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6. Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    2.7. Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

    2.8. Counsel:  Attorneys representing any party to this action whether employees of the party or retained to represent or advise the party.

    2.9. Expert:  a person with specialized knowledge or experience in a matter pertinent

1  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as
2  a consultant in this action and who is not a past or a current employee of a Party or of a
3  competitor of a Party's and who, at the time of retention, is not anticipated to become an
4  employee of a Party or a competitor of a Party's.  This definition includes a professional jury or
5  trial consultant retained in connection with this litigation.
6        2.10.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services
7  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,
8  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.
9  3.   <u>SCOPE</u>
10        The protections conferred by this Stipulation and Order cover not only Protected Material
11  (as defined above), but also any information copied or extracted therefrom, as well as all copies,
12  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
13  parties or counsel to or in court or in other settings that might reveal Protected Material.
14  4.   <u>DURATION</u>
15        Even after the termination of this litigation, the confidentiality obligations imposed by
16  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
17  order otherwise directs.
18  5.   <u>DESIGNATING PROTECTED MATERIAL</u>
19        5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party
20  or non-party that designates information or items for protection under this Order must take care
21  to limit any such designation to specific material that qualifies under the appropriate standards. A
22  Designating Party must take care to designate for protection only those parts of material,
23  documents, items, or oral or written communications that qualify – so that other portions of the
24  material, documents, items, or communications for which protection is not warranted are not
25  swept unjustifiably within the ambit of this Order.
26        Mass, indiscriminate, or routinized designations are prohibited. Designations that are
27  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
28  unnecessarily encumber or retard the case development process, or to impose unnecessary

1  expenses and burdens on other parties), expose the Designating Party to sanctions.

2      If it comes to a Party's or a non-party's attention that information or items that it
3  designated for protection do not qualify for protection at all, or do not qualify for the level of
4  protection initially asserted, that Party or non-party must promptly notify all other parties that it
5  is withdrawing the mistaken designation.

6      5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,
7  or as otherwise stipulated or ordered, material that qualifies for protection under this Order must
8  be clearly so designated before the material is disclosed or produced.

9      Designation in conformity with this Order requires:

10      (a)    <u>for information in documentary form</u> (apart from transcripts of depositions
11  or other pretrial or trial proceedings), that the Producing Party affix the legend
12  "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or
13  portions of the material on a page qualifies for protection, the Producing Party also must clearly
14  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

15      (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
16  that the Party or non-party offering or sponsoring the testimony identify on the record, before the
17  close of the deposition, hearing, or other proceeding, all protected testimony. When it is
18  impractical to identify separately each portion of testimony that is entitled to protection, and
19  when it appears that substantial portions of the testimony may qualify for protection, the Party or
20  non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
21  deposition or proceeding is concluded) a right to have up to 20 days to identify the specific
22  portions of the testimony as to which protection is sought. Only those portions of the testimony
23  that are appropriately designated for protection within the 20 days shall be covered by the
24  provisions of this Stipulated Protective Order.

25      Transcript pages containing Protected Material must be separately bound by the court
26  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as
27  instructed by the Party or non-party offering or sponsoring the witness or presenting the
28  testimony.

      (c)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

    5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2.    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3.    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in U.S District Court – Eastern District of California – Fresno Division.

1 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

1  Protective Order" (Exhibit A);

2      (f) during their depositions, witnesses in the action to whom disclosure is

3  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

4  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

5  Protected Material must be separately bound by the court reporter and may not be disclosed to

6  anyone except as permitted under this Stipulated Protective Order.

7      (g) the author of the document or the original source of the information.

8  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
9     LITIGATION.</u>

10     If a Receiving Party is served with a subpoena or an order issued in other litigation that

11 would compel disclosure of any information or items designated in this action as

12 "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (fax is

13 acceptable) immediately and in no event more than three court days after receiving the subpoena

14 or order. Such notification must include a copy of the subpoena or court order.

15     The Receiving Party also must immediately inform in writing the Party who caused the

16 subpoena or order to issue in the other litigation that some or all the material covered by the

17 subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

18 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

19 caused the subpoena or order to issue.

20     The purpose of imposing these duties is to alert the interested parties to the existence of

21 this Protective Order and to afford the Designating Party in this case an opportunity to try to

22 protect its confidentiality interests in the court from which the subpoena or order issued. The

23 Designating Party shall bear the burdens and the expenses of seeking protection in that court of

24 its confidential material — and nothing in these provisions should be construed as authorizing or

25 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26 9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

27     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28 Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL.</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must do so pursuant to the applicable provisions of the Federal Rule of Civil Procedure, and/or other applicable rules and/or statutes.

11. <u>FINAL DISPOSITION.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1. Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 21, 2014                         GORDON & REES LLP

                                                 By:    /s/ Kevin D. Whittaker
                                                        KEVIN D. WHITTAKER
                                                        Attorneys for Defendant
                                                        WAL-MART STORES, INC.

Dated:  February 3, 2014                         LAW OFFICES OF AKUDRINOBI & IKONTE

                                                 By:    /s/ Chijioke O. Ikonte
                                                        Chijioke O. Ikonte
                                                        Attorneys for Plaintiff
                                                        STELLA O KAMALU

**ORDER**

IT IS SO ORDERED.

   Dated:   **February 20, 2014**                _____
                                                 UNITED STATES MAGISTRATE JUDGE

-9-